COHEN, J.
Sarah Touchet appeals from the portion of the trial court’s final judgment of injunction for protection against domestic violence that required her and her young son to obtain psychological evaluations. We reverse in part.
Touchet and Sandra Jones, the respondent, were a same-sex couple who lived together as family. In August 2012, Tou-chet filed a petition for injunction for protection against domestic violence against Jones, alleging that Jones had physically attacked her. Jones filed a reciprocal petition for injunction against Touchet. The trial court held a hearing on both petitions, during which Touchet testified that Jones attacked her in a fit of jealousy. Jones beat Touchet with both fists, strangled her, slammed her head into the ground, and threw her against a cabinet. At some point during the attack, Touchet lost consciousness. Jones also locked Touchet’s phone and took her keys to prevent her from leaving.[1] Deputy April Mayle, who arrived on the scene, described Touchet’s injuries as “pretty severe.” Touchet sustained multiple injuries during the attack — a fractured skull, several slipped discs, black eyes, and possibly a dislocated jaw.[2]
The attack was one of many by Jones against Touchet, and the severity of the attacks seemed to escalate over time. On one occasion, Jones attacked Touchet as Touchet was packing her belongings in an attempt to leave their home. Jones often threatened to shoot and kill Touchet or report her to the Department of Children and Families to have her children taken away.
In granting Touchet’s petition for injunction, the trial court found that there was an overwhelming amount of evidence in her favor.[3] The trial court ordered Jones to complete a certified batterers’ intervention program and undergo evaluations for both substance abuse and mental health. The court also ordered Touchet to *325 obtain psychological evaluations for herself and her son, explaining, “I’m going to order you to obtain a psychological evaluation that focuses on your domestic violence issues-basically, why you keep going back. I want to get that fixed. And I’m also going to order you to follow any recommended treatment.” Touchet filed a motion for stay pending appeal, which the trial court denied. The trial court later issued an order of contempt threatening to incarcerate Touchet if she did not comply with the order within thirty days.
On appeal, Touchet argues that the trial court erred in requiring her to obtain psychological evaluations in its order granting her petition for injunction. We agree.
Section 741.30(6)(a), Florida Statutes (2012), sets forth the relief that a trial court may grant upon finding that a petitioner is a victim of domestic violence. In reviewing section 741.30(6)(a), we find no authority for the trial court to require a victim of domestic violence to obtain a psychological evaluation and counseling. Pertinent to this case, the statute provides that the court may “[ojrder [ ] the respondent to participate in treatment, intervention, or counseling services to be paid for by the respondent,” including participation in a batterers’ intervention program. § 741.30(6)(a)5., Fla. Stat. (2012) (emphasis added). The statute further provides that the trial court may “[rjefer [ ] a petitioner to a certified domestic violence center.” § 741.30(6)(a)6., Fla. Stat. (2012) (emphasis added). In our view, the Legislature’s use of that contrasting language was not unintentional. Thus, while the trial court had the authority to refer Tou-chet to a psychologist, it could not order her to undergo an evaluation.[4]
While the trial court might have been well-intentioned, the impact of its order runs contrary to the goals and purposes of the domestic-violence statute. The statute is designed to protect victims of domestic violence. To that end, it sets forth the role of law enforcement, the clerks of the court, and the judiciary. The Legislature has attempted to make it as easy as possible for victims of domestic violence to seek assistance from the courts, as evidenced by its elimination of any filing fee or bond and its requirement that the clerk of the court assist victims in filing for and enforcing injunctions. Requiring a victim of domestic violence to undergo a psychological evaluation would impose a substantial financial and emotional burden on the victim and would have a chilling effect on victims of domestic violence seeking the protection of the courts.
The psychological issues underlying the cycle of domestic violence have been explored in depth by many social scientists. See, e.g., Lenore E. Walker, The Battered Woman (1979). These issues are complicated, and the courts are ill-suited to address them. The best the courts can do is offer protection to those victims of abuse without placing hurdles in their way and without threatening to incarcerate them.
Accordingly, the portion of the order requiring Touchet and her son to obtain psychological evaluations is stricken.
*326 REVERSED IN PART and REMANDED.
GRIFFIN and LAWSON, JJ., concur.

.While Touchet has two young sons, it seems that only the older son was present at the time of the attack.

.At the time of the hearing, Touchet’s doctor was still in the process of ordering X-rays and MRls.

.Jones’s petition was denied.

. We acknowledge that section 741.30(6)(a)7., Florida Statutes (2012), allows the trial court to "order[] such other relief as the court deems necessary for the protection of a victim of domestic violence....” In our view, however, the relief contemplated in section 741.30(6)(a)7. does not encompass ordering a victim to undergo a psychological evaluation. Section 741.30(6)(a)7. is intended to allow for relief other than the relief already provided for in the statute. Because treatment and counseling for the respondent and the petitioner are already provided for in sections 741.30(6)(a)5. and 741.30(6)(a)6., section 741.30(6)(a)7. does not encompass such relief.